

November 18, 2025

*Via Regular Mail and E-File*

The Honorable Judge Michael J. Truncale
The Jack Brooks Federal Building and United States Courthouse
300 Willow Street
Beaumont, TX 77701

In re:  *Stephen Culp, et al. v. Texas Dept of Public Safety, et al.,* Civil Action No. 1:25-CV-300-MJT, U.S. District Court for the Eastern District of Texas.

Honorable Judge Michael J Truncale,

    Plaintiffs are in receipt of the Court's *Orders* in this case directing Plaintiffs to file their *Third Amended Complaint* twenty-one (21) days after the Court's *Orders*. [Doc. 60] at p. 10 and [Doc. 61]. However, Plaintiffs are not in a position to amend their *Complaint* at this time and must stand on their *Complaint* as written. Indeed, as laid out in *Plaintiffs' Opposed Motion to Conduct Discovery and Extend Deadlines* [Doc. 63], Plaintiffs cannot meaningfully amend their municipal-liability claims without first obtaining limited discovery related to the City's and County's use-of-force policies, practices, and customs—matters uniquely within the possession of Defendants.

    While Plaintiffs have made attempts to secure said discovery, Plaintiffs' attempts have been unfruitful as Defendants have not provided Plaintiffs with the information requested. Thus, Plaintiffs are stuck with the *Complaint* as drafted. It has never been the practice, habit, or desire of the undersigned to ignore deadlines set by the Court; however, Plaintiffs' ability to amend their *Complaint* case has been hamstrung as described herein and in *Plaintiffs' Opposed Motion to Conduct Discovery and Extend Deadlines* [Doc. 63]. The discovery issue related to Plaintiffs' municipal-liability claims is now before the Court, and Plaintiffs are unable to amend their municipal-liability claims without first obtaining limited discovery on said claims.

    The purpose of this letter is absolutely not to cast aspersions on opposing counsel, who are eminently qualified to represent their respective clients. Instead, it is to inform the Court that this deadline is not being ignored by the undersigned, who takes all court orders—including, of course, this Court's orders—very seriously.

Sincerely,

Mark C. Sparks
THE FERGUSON LAW FIRM